FIRST NATIONAL BANK OF HASTINGS v. EZRA F. LAMBERT and Others.[1]

December 19, 1895.

Nos. 9666–9667—(170–171).

**Mortgage as Collateral—Foreclosure—Parties.**

The principal debtor may be made a party defendant to a suit by his creditor to foreclose a mortgage held as collateral security for the principal debt. In such suit the court may proceed to a complete adjudication of all the matters between the parties arising out of the transactions; and the complaint is not demurrable on the ground that different causes of action are improperly united, merely because it sets out the collateral note of the mortgagor, which was assigned to the plaintiff, and also the note of the principal debtor, held by plaintiff, and demands judgment against both the mortgagor and the principal debtor for any deficiency existing after the foreclosure sale.

Appeals by defendant Ezra F. Lambert and by Ezra F. Lambert and Alfred H. Lambert, copartners as Lambert Bros., from orders of the district court for Ramsey county, Willis, J., overruling separate demurrers to the complaint. Affirmed.

*William G. White*, for appellants.

*Stringer & Seymour*, for respondent.

CANTY, J. On November 5, 1890, the defendant Frank Brackett was the owner of a certain tract of land, which on that day he mortgaged to the defendant Ezra F. Lambert to secure the payment of two promissory notes made that day by Brackett to the order of Lambert; one for $3,000 and interest, due in two years (on which

[1] Reported in 65 N. W. 451.

$500 has been paid), and one for $2,300 and interest, due in three years. The defendants Ezra F. Lambert and Alfred H. Lambert were partners in business under the firm name of Lambert Bros., and on March 3, 1891, they made the following indorsement on the back of each of these notes:

"Pay to the First National Bank of Hastings, Minn., or order, as collateral security for my present and future indebtedness to said bank.

   "(Signed)                              E. F. Lambert.
                                       . "Lambert Bros."

Ezra F. Lambert then delivered these notes, with this indorsement thereon, to the plaintiff bank, together with an assignment to it of the mortgage. On the faith of this security the bank advanced Ezra F. Lambert and Lambert Bros. divers sums of money, which on June 16, 1894, amounted to $3,655.94, for which sum he and Lambert Bros. on that day made their promissory note to the order of the bank, due in three months thereafter, which note is unpaid.

These facts are set up in the complaint in this action, which prays that the mortgage be foreclosed, and that, after applying the proceeds of the foreclosure sale to the payment of its costs and disbursements and the indebtedness due it from the Lamberts, the surplus, if any, be paid to them; but that, if there is a deficiency, it have judgment against the defendants, Frank Brackett, Ezra F. Lambert, and Alfred H. Lambert, for the amount thereof. Ezra F. Lambert separately, and he and Alfred H. Lambert as partners, demurred to the complaint on the ground that different causes of action are improperly united. From the orders overruling the demurrers they appeal.

We are of the opinion that the orders appealed from should be affirmed. This is not, as claimed by appellants, an attempt to enforce in one action separate and distinct causes of action, one against one defendant and the other against the other defendants, which causes of action have no such connection with or relation to each other as would entitle plaintiff to unite them. Even if the Lamberts were not necessary parties to the suit to foreclose this mortgage (see 2 Jones, Mortg. § 1375), they were at least proper parties. If there is any reason why they should be before the court, they may

be joined as defendants, and, being so joined, a court of equity may proceed to a complete adjudication of all the matters between the parties arising out of the transactions alleged in the complaint. Under the old equity practice, a bill containing the allegations and prayer for relief contained in this complaint would clearly not be multifarious.

The orders appealed from are affirmed.