McCAGUE SAVINGS BANK, APPELLANT, v. FANNIE M. CROFT ET AL., APPELLEES.

FILED FEBRUARY 20, 1908. No. 15,009.

1. **Abatement and Revival: PARTIES.** Where the transfer of the subject of an action is made by the plaintiff during its pendency, the action may be prosecuted for the benefit of the assignee in the name of the original plaintiff, such party remaining *in esse*.

2. ———: ———. The insolvency of, and the appointment of a receiver for, the original plaintiff, who has assigned the cause of action prior to the appointment of a receiver and since the action was begun, does not prevent the prosecution of the action in the name of the original plaintiff.

3. **Action: JOINDER.** An action to foreclose a mortgage cannot, against objections made by the defendant, be joined with an action to obtain a money judgment upon a note not secured by the mortgage.

4. **Pleading: MISJOINDER: DISMISSAL.** In case of misjoinder of two causes of action in the same petition, the plaintiff may dismiss one of such causes of action and proceed to trial upon the other.

Appeal from the district court for Douglas county: Lee S. Estelle, Judge. *Reversed.*

*Hall & Stout and Charles Battelle,* for appellant.

*John L. Webster, Joel W. West* and *John O. Detweiler,* contra.

Duffie, C.

On April 28, 1894, plaintiff filed its petition herein, alleging that on the 24th day of March, 1892, the defendant Fannie M. Croft executed and delivered to the defendant John B. Finlay her promissory note for $5,000, due one year after date, and her mortgage securing the same on certain real estate in the city of Omaha; that on April 8, 1892, the defendants Finlay, Manley, Cathers and John W. Croft borrowed from the plaintiff $5,000, giving their note therefor, due one year from its date; that to secure the same the defendant Finlay indorsed and delivered over to plaintiff the above described note and mortgage given to him by Fannie M. Croft; that defendants Manley, Finlay, Cathers and John W. Croft became liable as guarantors upon the Fannie M. Croft note by signing an indorsement on the back thereof as follows: "April 7, 1892. For value received we hereby guarantee the collection of the within note and payment thereof"; that said note was presented when due for payment, which was refused, and said note was duly protested. Defendants Houska, Stewart and Dodge were made parties because it was alleged that they have, or claim to have, some interest in or lien upon said mortgaged property, junior and inferior to the lien of plaintiff's mortgage. Other usual allegations common in foreclosure proceedings were made. The prayer of the petition was for an accounting of the amount due plaintiff upon the notes described; that it may be decreed that plaintiff have a first lien upon the mortgaged premises therefor; that the defendants Manley, Cathers, Finlay and John W. Croft, or some of them, may be decreed to

pay plaintiff the amount so found due upon said notes and mortgage; that, in default of payment, the mortgaged premises may be sold according to law, and that, in the event the premises should not sell for a sum sufficient to pay the amount due, plaintiff may have judgment for the deficiency against the defendants Manley, Cathers, Finley and John W. Croft.

Issue was joined upon answers filed by the several defendants now interested, and replies thereto by plaintiff, but the case was not brought to trial until 1906. Before trial defendants Finlay and Fannie M. Croft died, and the action was revived in the names of their successors in interest. July 7, 1905, plaintiff filed a supplemental petition in which it was alleged that at the commencement of the action it was the legal owner and holder of the note dated April 8, 1892, but thereafter for a valuable consideration it sold and assigned the same to one Frank H. Parsons of New York city, for whose benefit this suit is now pending and continued in the name of the plaintiff; that a receiver has been appointed to take charge of the affairs of the plaintiff; that since the commencement of this action the property covered by said collateral mortgage has been taken by foreclosure of prior liens, and that there is no personal liability on the said collateral note and mortgage, so that the security is of no value and there will be nothing therefrom to be applied upon the principal note, and therefore the plaintiff asks nothing by reason of said collateral security; that no part of said note of date April 8, 1892, has been paid, and plaintiff prays judgment against defendants Manley, Cathers, John W. Croft, and J. O. Detweiler as administrator of the estate of John B. Finlay, deceased.

Separate answers were filed by the defendants, appellees herein, in which they deny liability. Plaintiff alleged by way of reply that the transfer of the notes and mortgage to Parsons was made prior to the appointment of a receiver. However, it is unnecessary to set forth fully the answers and replies. A jury was impaneled to try the

case, and plaintiff offered in evidence the note of date April 8, 1892. Objections to its admission were made by defendants Cathers and Detweiler, administrator. The objections were sustained, for the reason, as stated by the court, that plaintiff has no right to prosecute this action for the benefit of the party named in the supplemental or amended petition who is the assignee of the note in controversy. Thereupon the said Frank H. Parsons asked leave of court to be substituted as party plaintiff and that the action proceed in his name. Objection to this request was sustained. Thereupon the trial proceeded as against the defendants Manley and John W. Croft, who were then not present or represented by counsel. Upon the conclusion of the testimony, the court directed the jury to return a verdict against the defendants Croft and Manley for the sum of $6,198.74, and in favor of the defendants Cathers and Detweiler, administrator. Afterwards the defendant John W. Croft was granted a new trial, which was had to the court without the intervention of a jury, and was determined upon the evidence adduced at the first trial, and resulted in a finding favorable to the said defendant. Judgment was rendered upon the verdict and finding; and plaintiff appeals.

The first of two principal questions presented relates to the authority of the real party in interest to maintain the action in the name of the plaintiff. Section 45 of the code provides: "An action does not abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In the case of a marriage of a female party, the fact being suggested on the record, the husband may be made a party with his wife; and, in the case of the death or other disability of a party, the court may allow the action to continue by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the

48

person to whom the transfer 'is made, to be substituted in the action." In the event of a transfer of interest by a sale and assignment after the institution of a suit, the action may ordinarily be continued in the name of the original party. *Harrington v. Connor,* 51 Neb. 214; *Howell v. Alma Milling Co.,* 36 Neb. 80, and cases cited.

In the case before us, the plaintiff was the owner of the notes and mortgage when the suits were instituted, but later transferred its interest to Parsons; still later the plaintiff became insolvent, and a receiver was appointed to take charge of its affairs. It is contended by the appellees that the appointment of the receiver suspended the right to further prosecute this action in the name of the bank without obtaining the receiver's consent or making him a party. Thompson, Commentaries on Law of Corporations, sec. 6900, says that "the necessary effect of the appointment of a receiver, * * * is to suspend all rights of action, of whatever description, on the part of the corporation." The rule there announced, we think, was intended to apply to cases in which the corporation was the real party in interest at the time of the appointment of the receiver. In such cases it is the practice to have the receiver substituted as plaintiff in actions previously instituted by the corporations. Beach, Receivers, sec. 697. But this rule should not control cases where the corporation had, before the appointment of a receiver, sold and transferred its interest in the subject matter of the action. The receiver had no interest in the case. The notes and mortgage were no longer a part of the bank's assets. The appointment of a receiver did not dissolve the corporation; it remained *in esse.* Upon its assignment of the notes and mortgage, the action did not abate, but under section 45, *supra,* continued in the name of the bank to the same extent and in the same manner as the assignee could have maintained it had he been substituted at the time of the assignment.

This brings us to the second question presented. It is urged by appellees that a proper practice will not permit

of the transformation of a suit from one to foreclose a mortgage into an action at law on a promissory note not secured by a mortgage. In the original petition filed by the plaintiff no personal judgment against the makers of the principal note was asked until after the mortgaged property was exhausted, but it was sought to obtain a personal judgment on the principal note, less any amount which might be derived from the mortgaged premises. It is true that, as against objections made by a defendant, an independent note cannot be joined in an action to foreclose a mortgage. Defendants understood that such was the practice, and raised the question, first, by demurrer, and again by answer. When objection is made to a petition on the ground that two causes of action are improperly joined therein, the plaintiff may dismiss as to one cause of action and proceed upon the other, or he may file several petitions, each including such of said causes of action as might be joined, and an action shall be docketed for each of said petitions, and the same shall be proceeded in without further service. Code, sec. 97. A suit upon the principal note of Finlay and upon the mortgage taken by the bank as collateral could not, as against the objections of the defendants, be joined in the same action, but when the plaintiff filed its amended and substituted petition upon which the case was tried, and withdrew any demand for relief on account of the mortgage, it was in effect a dismissal of the cause of action upon the mortgage, and the case then stood for trial upon the principal note declared on; the objection to the petition on the ground of the misjoinder of causes of action being eliminated by the allegations of the amended and substituted petition. As to the defenses raised by the several answers, we are not called upon to pass; the only questions raised by the record are questions of practice, and the merits of the case are not before us. We think the court erred in directing a verdict in favor of the defendants Cathers and Detweiler and finding for Croft, and that the case should proceed in the name of the McCague

Savings Bank as plaintiff, if the parties interested so elect, or that the assignee of the note may be substituted as the party plaintiff upon the application for such substitution.

We recommend a reversal of the judgment of the district court, and that the cause be remanded for further proceedings not inconsistent with this opinion.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.