McCague Savings Bank, appellee, v. John W. Croft
et al., appellants.

Filed November 16, 1910.   No. 16,550.

Limitation of Actions: Commencement of Action.   Where at the
    commencement of a suit the original petition contains two causes
    of action, which are improperly joined, and afterwards one of
    such causes is eliminated by the filing of an amended and sub-
    stituted petition, and a trial is had upon the remaining cause of
    action as set forth in both petitions, the filing of the original
    petition and the service of summons thereon arrests the running
    of the statute of limitations as to the remaining cause of action.

Appeal from the district court for Douglas county:
Howard Kennedy, Judge.   Affirmed.

John L. Webster and Joel W. West, for appellants.

John F. Stout and Charles Battelle, contra.

Barnes, J.

This case is here by a second appeal.   It appears that
the plaintiff declared on the promissory note of the de-
fendants for the sum of $5,000, and also set forth in its
petition a note and mortgage given by Fannie M. Croft
to John B. Finlay, which plaintiff alleged was held as
collateral security for the payment of the note first above
mentioned.   The relief demanded was for an accounting
of the amount due on the note signed by all of the defend-
ants, which was treated as their principal or primary
obligation; that the collateral mortgage be foreclosed and
the proceeds thereof be applied to the payment of the note
first above mentioned; and a personal judgment against
all of the defendants for the deficiency, if any, after so
applying the proceeds of the collateral note and mortgage.
The first trial in the district court resulted in a judgment
for the plaintiff and against the defendants Manley and
Croft, and in favor of the defendants Cathers and Det-

weiler, administrator. Afterwards the defendant John W. Croft was granted a new trial, which was had to the court without the intervention of a jury, and was determined upon the evidence adduced at the first trial. This resulted in a finding favorable to that defendant. Judgment was rendered upon the verdict, and the plaintiff appealed. Our opinion reversing that judgment is reported in 80 Neb. 702, to which reference is made for a more full and complete statement of the pleadings and the issue presented thereby. After the cause was remanded it was again tried as an action on the principal note, all reference to the collateral note and mortgage having been eliminated by an amended and supplemental petition. The trial resulted in a judgment for the plaintiff and against all of the defendants, from which they have prosecuted this appeal.

The assignments of error relied on present the single question of the statute of limitations. We think that question is fully foreclosed by our former decision in this case. It was there said: "It is urged by appellees that a proper practice will not permit the transformation of a suit from one to foreclose a mortgage into an action at law on a promissory note not secured by a mortgage. In the original petition filed by the plaintiff no personal judgment against the makers of the principal note was asked until after the mortgaged property was exhausted, but it was sought to obtain a personal judgment on the principal note, less any amount which might be derived from the mortgaged premises. It is true that, as against objections made by a defendant, an independent note cannot be joined in an action to foreclose a mortgage. Defendants understood that such was the practice, and raised the question, first, by a demurrer, and again by answer. When objection is made to a petition on the ground that two causes of action are improperly joined therein, the plaintiff may dismiss as to one cause of action and proceed upon the other, or he may file several petitions, each including such of said causes of action as might have been

joined, and an action shall be docketed for each of said petitions, and the same shall be proceeded in without further service. Code, sec. 97. A suit upon the principal note of Finlay and upon the mortgage taken by the bank as collateral could not, as against the objections of the defendants, be joined in the same action, but when the plaintiff filed its amended and substituted petition upon which the case was tried, and withdrew any demand for relief on account of the mortgage, it was in effect a dismissal of the cause of action upon the mortgage, and the case then stood for trial upon the principal note declared on; the objection to the petition on the ground of the misjoinder of causes of action being eliminated by the allegations of the amended and substituted petition."

It thus appears that this is a continuation of the original action upon the principal note alone, and we are unable to see how it can be seriously contended that the filing of the amended and supplemental petition was either a change of the cause of action set forth in the plaintiff's original petition or the commencement of a new action upon the principal note. This being a continuation of the action upon one of the causes set forth in the original petition, the statute of limitations ceased to run upon the filing of that petition and the service of summons thereon. *Tecumseh Nat. Bank v. McGee,* 61 Neb. 709; *McKeighan v. Hopkins,* 19 Neb. 33; *Case v. Blood,* 71 Ia. 632; *First Nat. Bank v. Lambert,* 63 Minn. 263.

It further appears from the record that all of the questions of fact raised by the pleadings in this case were submitted to and decided by the jury adversely to the defendants, and we are satisfied that the evidence is sufficient to sustain their verdict. This seems to be practically conceded by the counsel for the appellants.

Therefore, and for the foregoing reasons, the judgment of the district court is

AFFIRMED.