Tunnison, Appellant, vs. Chicago, Milwaukee & St. Paul
Railway Company, Respondent.

*September 17—October 8, 1912.*

Railroads: Injury to person walking on track: Contributory negli-
gence.

A deaf mute who, while walking on a railroad track in the night-
time, was struck and injured by an engine coming from behind,
which could have been seen while 800 feet away, is *held* upon
the evidence to have been guilty of contributory negligence as
a matter of law.

Appeal from a judgment of the circuit court for Rock
county: George Grimm, Circuit Judge. *Affirmed.*

This action was to recover for the alleged negligent injuring
of plaintiff. He and a companion, the former being a deaf
mute and the latter practically so, while walking westerly on
defendant's main track, about 8 o'clock on the 6th day of
March, 1912, were struck by an engine from behind, with the
result complained of. A verdict was directed for defendant
upon the theory that the plaintiff had no license to walk on
the track, nor right to do so, and was guilty of contributory
negligence. Judgment was rendered accordingly.

These were the facts: The railroad ran easterly and west-
erly, in the city of Janesville, Wisconsin, crossing Centre ave-
nue on the east and Cherry street on the west, the distance
between the two streets being about 1,284 feet. The place
was in the outskirts of the city, considerable distance from
any depot and outside the railroad yard limits, though there
was a switch and sidetrack used for some special purpose.
There were cattle-guards and the customary wing fence at
both crossings and a notice near the track at Centre avenue
and one near the switch track warning people to keep off the
track; but no other prohibitory indications. Sec. 1811, Stats.
(1898), prohibits a person from walking upon a railroad track

as the plaintiff did. Nevertheless the people customarily used the track in going from either street to the other. The two persons entered thereon easterly of the westerly side of Cherry street, crossing the cattle-guard at that point in doing so. They were on their way to a point beyond Centre avenue in the city of Janesville. It was nighttime; but not so dark, under the conditions existing, but that a train coming from the east could have been seen while some 800 feet away. There was snow on the ground and it was not cloudy. There was no regular headlight on the engine. The one in place when the trip was entered upon was, thereafter, accidentally put out of commission and there was no opportunity before the accident to supply its place, though a lantern was substituted, which did some service, and there were two small lights, one on each side of the front of the engine, called blizzard lights, in the whole, rendering the engine plainly visible to the east of the place of accident for several hundred feet.

The eyesight of both parties was good. The plaintiff's companion could hear slightly; but not dependably, as he must have known. He could not hear at all, as he must have known. There was evidence of looking back, but no satisfactory evidence that there was such looking while the train was passing over the 800 feet east of the point of accident. In the meantime the parties must have traveled some 150 feet. As the train approached and before the engineer saw them, the bell was being rung. They were observed when some 300 feet away and special signals given to warn them. Particular exertion was not used to check or stop the engine, the engineer supposing the parties would make timely movement out of danger. Upon observing they were oblivious of their peril, notwithstanding all the warnings, he did all in his judgment he could to stop his train. The appliances therefor were in order and worked properly; but the distance was not sufficient to enable the engineer to avoid colliding with the travelers. The cowcatcher threw them on opposite sides, in-

juring the plaintiff. He saw the train just before the collision. There was ample opportunity for the plaintiff and his companion to reach their destination without using defendant's track. They chose the dangerous way for convenience or pleasure. They were adults. They were traveling pretty fast because it was cold. The plaintiff's companion had her hand in her muff and he had hold of her arm. They were on their way to visit her aunt.

*Harry M. Silber,* for the appellant.

For the respondent there was a brief by *C. H. Van Alstine, H. J. Killilea,* and *Thos. S. Nolan,* and oral argument by *Mr. Van Alstine* and *Mr. Nolan.*

MARSHALL, J. Irrespective of whether, in face of the statute prohibiting persons from walking on railroad tracks, as was done in this case, a person could be a licensee, it seems the plaintiff was guilty of contributory negligence. The facts as they appear in the statement speak for themselves. The rule applicable to such situations has been so often declared and is so familiarly elementary, that it is needless to restate, much less to cite authority in support thereof. It seems best to rest the case with the statement of facts, this brief reference to the legal effect, and the conclusion reached that, it is considered the judgment should be affirmed.

*By the Court.*—The judgment is affirmed.