SPENCER and wife, Appellants, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*October 26—November 16, 1915.*

*Railroads: Injury to person riding in engine cab: Trespasser or licensee? Presumptions.*

1. One who enters the cab of a railway engine for the purpose of getting a free ride in violation of Wis. Stats., secs. 1797—1 to 1797—38, and 36 U. S. Stats. at Large, 546, ch. 309, becomes thereby a trespasser, although the engineer makes no objection; and for his death caused by explosion of the boiler while he is so riding there can be no recovery, in the absence of wilful or gross negligence on the part of the engineer.
2. In view of the law prohibiting such free passage, and it being common knowledge that the engine cab is for the exclusive use of the engine crew, a person attempting to ride free therein is presumed to know that the engineer has no authority to permit him to do so, and to wilfully commit an unlawful act.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover for the death of plaintiff's son, who was an adult.

While one of defendant's freight trains, which was about to start for Chicago, was standing on a sidetrack at Milwaukee, Wisconsin, the deceased, without the knowledge of the trainmen and without right, boarded such train for the purpose of obtaining a free ride to its destination. After the train had proceeded on its way some eighteen miles, a stop was made and then the deceased entered the cab of the engine without invitation. The engineer knew him and did not object to his riding in the cab. When the train had proceeded about two miles further, the crown sheet of the firebox burst, causing steam to escape into the cab, whereby the death was caused. The bursting of the crown sheet was caused by there not being a sufficient amount of water in the boiler. It was the duty of the engineer to regulate the water so as to prevent any such an occurrence as took place. There was a water glass appliance which ordinarily indicated the height of the water in the boiler, though it was possible for it to become clogged in some way, or operate so as not to be perfectly reliable. There were three gauge cocks by which the height of the water could be certainly determined. If, upon opening the lower cock, no water was discharged, it would indicate that the crown sheet was not sufficiently covered. The engineer customarily tested the water by use of the gauge cocks once in about ten miles. He applied the proper test before starting, again before leaving the city limits at Milwaukee, and a third time about eight miles out. After going some twelve or thirteen miles further, he tried the water again and found that the crown sheet was not properly covered. He immediately observed the water glass and saw that water showed up therein, at which instant the explosion occurred.

By the statutes of this state, secs. 1797—1 to 1797—38, the deceased had no right to ride free and the defendant had no right to permit him to do so. Under the law of the United

States, act of June 18, 1910 (36 U. S. Stats. at Large, 546, ch. 309), it was unlawful for the deceased to ride free, and unlawful for defendant to permit him to so ride. A violation of the federal act by the defendant, or by any one permitted by it to ride free, would be a punishable offense.

Under defendant's rules, the engineer was prohibited from permitting the deceased to ride on the engine. Whether he knew of such rule or not does not appear.

The court submitted the cause to the jury, resulting in findings as follows:

The engineer did not commit any act proximately causing the death of the deceased. The deceased was not guilty of any want of ordinary care proximately contributing to his death. It requires $2,500 to compensate plaintiffs for the loss they sustained by the death of their son.

The court denied a motion on behalf of plaintiffs for judgment and denied them a new trial, but granted judgment on the verdict in favor of the defendant and because the deceased was a trespasser.

For the appellants there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *W. B. Rubin* and *Paul R. Newcomb,* of counsel, and oral argument by *Mr. Newcomb* and *Mr. W. B. Rubin.*

For the respondent there was a brief by *C. H. Van Alstine, H. J. Killilea,* and *Rodger M. Trump,* and oral argument by *Mr. Trump* and *Mr. Van Alstine.*

MARSHALL, J.  It is conceded by counsel for appellants that if the deceased was a trespasser on respondent's train, as the trial court held, the plaintiffs could not recover in the absence of wilful negligence—some fault greater than mere want of ordinary care on the part of the engineer—and that no evidence of any greater fault was produced. That accords with elementary principles which have been many times declared and applied by this court, one of the latest instances

being *Zartner v. George,* 156 Wis. 131, 145 N. W. 971. It follows that if the deceased was not a licensee, the judgment must be affirmed.

As we view the case, none of the authorities cited by counsel for appellants fit the circumstances we have to deal with. Let it be conceded, for the purposes of the case, that the mere fact, unknown to the deceased, that the engineer had no authority to permit him to ride on the engine, would not condemn him as a trespasser, he must have known there was no such authority, or had reasonable ground therefor.

The reasoning in *Clark v. C. & N. W. R. Co.* 91 C. C. A. 358, cited to our attention by counsel for respondent, seems to be sound. We adopt it. It is a matter of common knowledge that trainmen have no right to permit persons to ride free, particularly to ride on the engine.

"The authorities are in harmony in holding that in a place like an engine cab, drawing a train of cars, the person who voluntarily enters therein to ride is presumed to know that it is not designed for such use, and no presumption arises in favor of such persons that the engineer and conductor have either express or implied authority to grant him such permission." "While some courts have gone to considerable length in holding railroad companies responsible for the acts and assumptions of their employees while in positions of apparent authority, yet when requested to hold that there is any presumption in favor of the authority of the employee to permit third persons to use places and instrumentalities obviously not designed therefor by the master, they come to a halt."

In the present state of the law, absolutely making such conduct as the deceased was guilty of a punishable offense, it does not seem that there is any basis in the evidence in this case for holding that he was a licensee. He must be presumed to have known that in doing as he did, he was where he had no right to be and was there in violation of law. Under those circumstances, how can he be regarded as having been other than a trespasser?

It does not seem that *Gabbert v. Hackett*, 135 Wis. 86, 115 N. W. 345,—where the facts were that a policeman in good faith, according to custom, permission of the company, and an ordinance believed to be in force, took passage on a street car, has any bearing on this case; nor cases cited involving violations of the Sunday laws; nor such cases as *Ulicke v. C. & N. W. R. Co.* 152 Wis. 236, 139 N. W. 189, where walking upon a railway track was held not to preclude recovery by a person too young to appreciate his violation of law; nor such cases as *Davis v. C. & N. W. R. Co.* 58 Wis. 646, 17 N. W. 406, and *Mason v. C., St. P., M. & O. R. Co.* 89 Wis. 151, 61 N. W. 300, where walking upon a railroad track in violation of law, but by acquiescence of the railway company, was held not to involve a trespass; nor such as *Alexander v. M., St. P. & S. S. M. R. Co.* 156 Wis. 477, 146 N. W. 510, involving an inadvertent driving upon a railway track outside the highway. None of those cases are inconsistent with *Anderson v. C., St. P., M. & O. R. Co.* 87 Wis. 195, 58 N. W. 79, and *Schug v. C., M. & St. P. R. Co.* 102 Wis. 515, 78 N. W. 1090, holding that wilful walking upon a railway track in violation of law and not pursuant to a custom acquiesced in by the railway company, constitutes the person doing so a trespasser.

We note that, in *Alexander v. M., St. P. & S. S. M. R. Co., supra, Tunnison v. C., M. & St. P. R. Co.* 150 Wis. 496, 137 N. W. 781, is cited as holding that walking upon a railway track in violation of law is contributory negligence, only. What was there held is that such conduct is contributory negligence, the question of the status of the person, as to whether a licensee or not, being waived for the purpose of the case.

We limit the decision here to the precise situation involved. For a principle it may be stated thus: If a person enters the cab of a railway locomotive for the purpose of obtaining a free ride, and there is no objection made by the engineer—in view of the law prohibiting such free passage and the place being, by common knowledge, for the exclusive use of the en-

gine crew—such person is presumed to know that the engineer has neither actual nor apparent authority to permit him to do so, and to wilfully commit an unlawful act, and he thereby makes himself a trespasser.

*By the Court.*—Judgment is affirmed.