HAECKER and wife, Appellants, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*November 9—December 6, 1927.*

*Railroads: Accident to child in railroad yard: Licensee or tres-*
*passer: Knowledge of railroad as to use of premises: Trial:*
*Instructions as to duty of railroad toward licensees.*

1. In an action for the death of a child struck by unattended freight cars in a railroad yard, the evidence, including the testimony of a switchman that he had seen as many as 500 or 600 men walk through the yards at the place of injury, is *held* to support a finding of the existence of a foot-path there, and of knowledge by the railway employees that it was commonly used by pedestrians. p. 360.
2. Under such circumstances the child was not a trespasser, but a licensee, and was exempt from the provisions of sub. (2), sec. 192.49, Stats. p. 360.
3. It is the duty of a railway company to provide a careful lookout in the direction in which its cars are moving in places where its employees know that people, and especially children, are apt to be on the track, and to give them timely warning; and in an action for the wrongful death of a child, the question of the railroad's negligence in failing to maintain a lookout or give other warning of the approach of freight cars is *held* to have been an issue for the jury. pp. 360, 361.
4. The refusal to give an instruction that the railway company owed to licensees the duty to keep a diligent lookout and to give timely warning to those who might be on the tracks, was prejudicial error, requiring the reversal of a judgment for defendant. p. 361.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed.*

Action by the parents of Louise Haecker to recover for the death of their daughter which was caused by the movement of freight cars in one of the yards of the *Chicago, Milwaukee & St. Paul Railway Company* in Milwaukee. From a judgment for the defendant company the parents appeal.

The body of the deceased girl was found beside a switch

track in the Gibson yards shortly after a switching crew had been engaged in breaking up a freight train by shunting cars down the several sidetracks that made up this railway yard. The cars that were shunted in upon the track beside which the girl's body was found were allowed to run down the slight incline in the track unattended to the place of the accident.

Island avenue extends from the southerly boundary of the right of way of the defendant company at the place where the girl met her death. The avenue ends at the railway right of way. The proof established that large numbers of persons customarily cross the yards of the defendant company from the end of Island avenue to the residential and manufacturing area that lies across the railroad yards in the direction of Island avenue extended. The jury found that there was a foot-path across the railway yards at this point and that the employees of the defendant company in charge of the switching on the day in question knew that this foot-path was commonly used by pedestrians crossing the yards. The body was found in the vicinity of the path used by these pedestrians. At the time of the accident there was no one upon the cars or in the locality of this path to warn pedestrians of the approach of the cars that were drifting down this sidetrack.

The jury found that the defendant was not guilty of negligence in failing to give warning of the approach of the freight cars.

For the appellants there was a brief by *Edwin W. Knappe,* attorney, and *Herbert J. Piper,* of counsel, both of Milwaukee, and oral argument by *Mr. Knappe.*

For the respondent there was a brief by *H. J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and oral argument by *Mr. Killilea.*

STEVENS, J. The questions presented by the appellants all turn upon the duty of the railway company to give warn-

ing of the fact that its cars were approaching the path traveled by pedestrians who cross its yards.

1. The evidence abundantly supports the finding of the jury as to the existence of a foot-path at the place of injury and as to the knowledge on the part of the railway employees that this path was commonly used by pedestrians. One of the switchmen in charge of the movement of the cars that caused the death of the girl testified that he had seen as high as five or six hundred men walk through the railroad yards at this point.

The deceased girl was very clearly a licensee, not a trespasser, under the unbroken line of decisions of this court. She was therefore expressly exempt from the provisions of sub. (2) of sec. 192.49 of the Statutes. She was in a railroad yard and not upon the right of way in the open country as was the case in *Sorenson v. C., M. & St. P. R. Co.* 192 Wis. 231, 212 N. W. 273, 522.

2. The rights of the respective parties must be determined in the light of the duty of a railway company to provide a careful lookout in the direction in which its cars are moving in places where its employees know that people, and especially children, are apt to be upon the track. *Whalen v. C. & N. W. R. Co.* 75 Wis. 654, 661, 662, 44 N. W. 849; *Johnson v. Lake Superior T. & T. Co.* 86 Wis. 64, 70, 56 N. W. 161; *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626, 634, 11 N. W. 55.

In none of the cases cited by appellants did the court determine that such a case as the one at bar presented a question for the court and not for the jury. In the *Whalen Case* and the *Johnson Case* the question of the liability of the railroad was submitted to the jury and there was a verdict for the plaintiff. The question presented in each of those cases was whether the court had given proper instructions as to the duty of the railway company to maintain a lookout.

In *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626, 632, 11 N. W. 55, and *Mason v. C., St. P., M. & O. R. Co.* 89

Wis. 151, 156, 61 N. W. 300, it was held that the trial court erred in granting a nonsuit, and that the question whether the defendant company was guilty of negligence in failing to maintain a proper lookout, under circumstances very similar to those here in question, was an issue for the jury and not for the court. "It was clearly a question for the jury in the present case to decide whether the trainmen ought, in the exercise of due care, to have anticipated that a child might be present on the track, . . . and, if so, whether some greater degree of care should have been exercised in giving warning, . . . or some greater precaution taken to guard against such an accident." *Carmer v. C., St. P., M. & O. R. Co.* 95 Wis. 513, 517, 70 N. W. 560.

We conclude that the question of defendant's negligence in failing to maintain a lookout or to give other warning of the approach of the cars was an issue for the jury, whose verdict would finally dispose of this case were it not for an error of the court in refusing to give the following instruction requested by the plaintiffs: "The defendant company owed licensees the duty to keep a diligent lookout for such as might be upon the tracks and to give them timely warning to get off the track and avoid danger."

This instruction is a correct statement of the duty of the railway company under the circumstances of the case at bar. *Whalen v. C. & N. W. R. Co.* 75 Wis. 654, 659, 662, 44 N. W. 849; *Johnson v. Lake Superior T. & T. Co.* 86 Wis. 64, 68, 70, 56 N. W. 161. The instructions of the court contained no statement of the duty of the railway company to maintain such lookout or to give any warning that its cars were approaching and about to cross this path frequented by pedestrians who were licensees. The failure to give this requested instruction as to so vital a question in the case was prejudicial error which must lead to a reversal of the judgment.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.