LeRoy Blitzkie, appellant, v. State of Nebraska, appellee.

342 N.W.2d 5

Filed December 30, 1983. No. 82-747.

Germer, Koenig, Murray, Johnson & Daley, and Jewell, Otte, Gatz & Collins, for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The plaintiff, LeRoy Blitzkie, brought this action under the State Tort Claims Act, Neb. Rev. Stat. §§ 81-8,209 et seq. (Reissue 1981), claiming damages to his herd of swine because of the alleged failure of the State of Nebraska to disseminate information regarding the outbreak of pseudorabies in the vicinity of plaintiff's farm.

After filing an answer in which it denied any negligence on its part, the defendant filed a motion to dismiss, claiming generally that the actions complained of by the plaintiff were discretionary functions performed by the State, and were therefore excluded from the waiver of immunity as provided for in § 81-8,219(1)(a). The court overruled the motion to dismiss, but treated it as a motion for summary judgment and ordered the plaintiff's petition dismissed.

The district court was correct in concluding that a motion to dismiss is not allowable as a pretrial pleading. Neb. Rev. Stat. § 25-803 (Reissue 1979). It was also correct in stating that an irregular pleading such as a motion to dismiss may sometimes be recognized as a demurrer if the parties by stipulation,

or the court by rule of court, permits the same. *State, ex rel. Johnson, v. Consumers Public Power District*, 142 Neb. 114, 5 N.W.2d 202 (1942). Such was not the case here.

The trial court based its ruling on the theory that subject matter jurisdiction was lacking. The defendant in its brief also argues absence of jurisdiction. This may be raised by demurrer, or may be decided on a motion for summary judgment, or by trial on the merits. Whether the plaintiff by amended petition can sufficiently allege jurisdiction, or on motion for summary judgment can elicit facts which may include this case within the waiver of immunity of the State Tort Claims Act, remains to be seen.

However, it is apparent that one against whom a motion for summary judgment is invoked must be given at least 10 days from filing the same to respond with counteraffidavits or depositions. Neb. Rev. Stat. § 25-1332 (Reissue 1979). This opportunity was not afforded the plaintiff.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.