GORDON J. NELSON AND MERRILL K. BISHOP,
APPELLANTS, V. SIOUX CITY BOAT CLUB, A
CORPORATION, ET AL., APPELLEES.
344 N.W.2d 634

Filed February 17, 1984. No. 82-766.

Norris G. Leamer, for appellants.

Bruce A. Crary and Dennis R. Ringgenberg, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Plaintiffs, Gordon J. Nelson and Merrill K. Bishop, filed a quiet title action in the district court for Dakota County, Nebraska, alleging that they owned certain land in Dakota County and that they were in possession of such land. The defendants named in the petition were Sioux City Boat Club, a corporation (hereinafter Boat Club), David J. La Fleur, and all persons "having or claiming any interest in" the described land. What service of process was made after the filing of the petition is not shown in the record before us. As shown in the record, the only responsive pleading to the petition was filed by defendant Boat Club. In its answer Boat Club generally denied the allegations of the petition and alleged that the Boat Club owned certain described property in Union County, South Dakota, and that the land described in plaintiffs' petition constituted "accretions" to the South Dakota land owned

by the Boat Club. Boat Club also filed a counter-claim alleging that it owned the same land described in plaintiffs' petition (which land defendant's counterclaim states is in Dakota County, Nebraska), and the Boat Club prayed that title be quieted in it.

On June 28, 1982, Boat Club filed a motion to dismiss "for want of jurisdiction . . . over the subject matter." On the same day, Boat Club filed a motion to withdraw its counterclaim, asking the court "for an order withdrawing the counterclaim of the Defendant and separately docketing said counterclaim for trial at a later date."

On June 29, 1982, hearings were held on Boat Club's motion to dismiss. In the hearing, defendant Boat Club was procedurally treated as a plaintiff and, without objection, adduced its evidence and "rested." Plaintiffs then, acting as defendants, adduced evidence and "rested." Defendant Boat Club called six witnesses and plaintiffs called one witness. Thirty-four exhibits were offered. All testimony and exhibits were directed to the issue of whether the land in question was in South Dakota or Nebraska.

At this hearing, so far as the record shows, there were no other parties represented, although immediately before the hearings began an attorney was appointed as guardian ad litem, apparently for unknown defendants, incompetents, and persons in the military service.

Later, the court entered an order sustaining defendant's motion to dismiss and striking the petition.

Plaintiffs timely filed a motion for new trial, alleging, among other things, that "[t]he Defendant's motion to dismiss was not made at the proper time and the Court should not have considered the same at this stage in the proceedings." Plaintiffs' motion was overruled, and this appeal followed.

The case is disposed of simply. As stated in *Blitzkie v. State*, 216 Neb. 105, 106-07, 342 N.W.2d 5, 6 (1983), "The district court was correct in concluding

that a motion to dismiss is not allowable as a pretrial pleading. Neb. Rev. Stat. § 25-803 (Reissue 1979). It was also correct in stating that an irregular pleading such as a motion to dismiss may sometimes be recognized as a demurrer if the parties by stipulation, or the court by rule of court, permits the same. *State, ex rel. Johnson, v. Consumers Public Power District*, 142 Neb. 114, 5 N.W.2d 202 (1942)." The "irregular pleading" in this case cannot be recognized as, or converted into, any allowable pleading. It is the sort of trial motion made by a defendant when plaintiff rests after presenting all its evidence at a trial.

In *Blitzkie* the court went on to say at 107, 342 N.W.2d at 7, "The trial court based its ruling on the theory that subject matter jurisdiction was lacking. The defendant in its brief also argues absence of jurisdiction. This may be raised by demurrer, or may be decided on a motion for summary judgment, or by trial on the merits."

*Blitzkie* controls this case. It is no answer, as a matter of convenience, to say that the case should be disposed of on the merits on this record. Questions as to the burden of proof, or the res judicata effect of a judgment based on a pleading not recognized by this state, should not be determined academically. There are enough uncertainties in the law without expanding them by introducing procedures not contained in our statutes or court rules.

We are not by this action exalting form over substance, but we are stating that procedural laws as to the conduct of civil litigation must be followed in order to let trial courts and appellate courts maintain some uniformity as to the posture of cases ripe for decision.

In this state, for over 100 years, cases have been decided in trial courts and in this court on known methods of presenting legal questions. There is no need to strike off in a new direction in this case.

Here, as in *Blitzkie*, the issue of jurisdiction should

be procedurally determined by demurrer (if available), on motion for summary judgment (if available), or by trial on the merits. If the plaintiffs cannot prove jurisdiction, they will not have proven the basic part of what they must prove to obtain legal relief. They must be afforded that opportunity in a proper setting.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.