FRANCES I. SMICK, PERSONAL REPRESENTATIVE OF THE
ESTATE OF LORENE SMICK, DECEASED, APPELLANT, V.
ALAN W. LANGVARDT ET AL., APPELLEES.

345 N.W.2d 830

Filed March 9, 1984. No. 83-625.

William A. Wieland and Susan Jacobs of Healey,
Brown, Wieland, Kluender, Atwood & Jacobs, for appellant.

James A. Snowden and William L. Tannehill of
Knudsen, Berkheimer, Richardson & Endacott, for
appellee Gogela.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS,
CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Frances I. Smick, as personal representative of the estate of LoRene Smick, deceased,
commenced a wrongful death action in the district
court for Gage County, Nebraska, against various
defendants, including the appellee Louis J. Gogela,
Jr. According to the petition, the defendants named
in the action were physicians and a registered nurse
anesthetist. Smick joined all of the defendants in a
single petition, and alleged, in a conclusionary manner and without facts, that the provisions of the Ne-

braska Hospital-Medical Liability Act, Neb. Rev. Stat. §§ 44-2801 to 44-2855 (Reissue 1978) (the Act), were unconstitutional, violative of the U.S. Constitution and the Constitution of the State of Nebraska. No specific facts were alleged as to how or in what manner the Act was unconstitutional, nor was any suggestion made as to which particular parts of either the U.S. Constitution or the Constitution of the State of Nebraska were involved.

Under the provisions of the Act, if one is a defined health care provider (§ 44-2803), such health care provider must qualify under the Act before the Act has application (§ 44-2801). The petition filed by Smick did not allege whether any of the named defendants were health care providers who had qualified under the Act, and therefore one could not discern from merely examining the allegations of the petition whether the Act applied. Furthermore, under the provisions of the Act, a patient may elect not to be bound by the terms of the Act, provided such election is made in accordance with the provisions of the Act. Again, no allegation was contained in the petition as to whether the deceased had elected not to come under the Act. If the Act did not apply, the allegations of the petition on its face were sufficient to state a cause of action.

The appellee Gogela filed a document entitled "Demurrer and Motion to Dismiss." The trial court overruled the demurrer because, as noted by the trial court in its order, "disposition in the matter upon demurrer would not be appropriate," but the trial court sustained the motion to dismiss, specifically finding that Gogela was a health care provider covered by the Act and therefore he could not be joined in the same petition as those health care providers who were not covered by the Act. Accordingly, the trial court dismissed the action as against the appellee Gogela, without prejudice.

There is no bill of exceptions in this case, and therefore there is no evidence other than the appel-

lant's petition and the appellee's motion to dismiss. We believe that under the circumstances, and in view of the lack of *evidence* presented to both the trial court initially and to this court on appeal, we are required to reverse and remand.

The trial court correctly overruled Gogela's demurrer, which was based upon Gogela's assertion that he could not be joined with the other defendants. However, because a demurrer goes only to those defects which appear on the face of the petition, see Neb. Rev. Stat § 25-806 (Reissue 1979), and because one might properly join all of the named defendants if all four had either elected to come under the Act or had elected not to come under the Act and had waived the benefit of the Act, the petition on its face was not defective. Had the defect of parties been apparent on its face, of course, the demurrer would have been proper. See *Johnson v. Platte Valley Public Power and Irrigation District*, 133 Neb. 97, 274 N.W. 386 (1937). As we have observed, however, the alleged defect with regard to misjoinder is not apparent on the face of the petition, and therefore, before the defect can be ascertained, it must be established by some evidence produced by the defendant. Apparently the trial court recognized this important distinction when it properly overruled the demurrer.

The court's sustaining of the motion to dismiss must rest upon the same footing. In the first instance there is no pretrial pleading in Nebraska known as a "Motion to Dismiss." See *Blitzkie v. State, ante* p. 105, 342 N.W.2d 5 (1983). But even if we were to treat the motion to dismiss as a demurrer, which we may sometimes do under limited conditions, see *State, ex rel. Johnson, v. Consumers Public Power District*, 142 Neb. 114, 5 N.W.2d 202 (1942), we must nevertheless conclude that, on the state of the record before us, the motion to dismiss, treated as a demurrer, should have been overruled for the very same reasons that the trial court concluded the demurrer itself should have been overruled. Where,

as here, the alleged defect is not apparent on the face of the petition, the misjoinder becomes an affirmative matter which must be raised by the party seeking the benefit of the defect. See, *Columbus Bank & Trust Co. v. High Country Stable*, 202 Neb. 724, 277 N.W.2d 81 (1979); *Carlson v. Nelson*, 204 Neb. 765, 285 N.W.2d 505 (1979).

The problem of treating a motion to dismiss as a demurrer for misjoinder of parties or causes of action is made more apparent when we observe the trial court's response to the pleading. Assuming for the moment that there was sufficient evidence available to Gogela to establish a misjoinder of parties or causes of action, the appropriate relief was not to dismiss the action as against Gogela but, rather, to permit Smick, upon motion, to separate the causes of action and have each docketed without the requirement of further service. See *McCague Savings Bank v. Croft*, 80 Neb. 702, 115 N.W. 315 (1908); 87 Neb. 770, 128 N.W. 504 (1910). In any event, dismissing the action as to the defendant Gogela on the basis of improper joinder of parties, not apparent on the face of the petition, was improper.

Appellee argues that a trial court may summarily dismiss any action over which it lacks subject matter jurisdiction. This argument apparently goes to the proposition that if one or more of the defendants have elected to come under the Act as health care providers, then Smick must first submit the matter to a review panel before the court may acquire jurisdiction over the action. Again, this may be true, but the evidence is not properly before this court, just as it was not properly before the trial court. The trial court concluded that Gogela must have been a health care provider who had elected to come under the Act, because a copy of a claim filed by appellant with a medical review panel was attached to Gogela's motion to dismiss. However, the notice of claim was not offered in evidence and was not properly before the trial court, nor is it before this court.

The filing of the claim proves nothing even if it could be considered as evidence, and, in light of this record, it cannot be so considered.

If Gogela had elected *not* to come under the Act and the appellant had erroneously filed a claim with the medical review panel, appellant would not be estopped from proceeding to file suit against the defendants, including Gogela, without having the claim considered.

Additionally, the trial court's order recites that "the parties in their submission to the Court of the circumstances involved have proceeded on the basis that defendant Gogela came within the Act and other defendants did not." And the trial court's order overruling the motion for new trial recited in part "that counsel for plaintiff and defendant Gogela have heretofore advised the Court that said defendant was a healthcare provider within the provisions of said Act, and the other defendants are not within its terms."

Before this court can consider evidence bearing upon an issue of fact, evidence must have been offered at the trial court and embodied in the bill of exceptions filed with this court. See *Timmerman v. Hertz*, 195 Neb. 237, 238 N.W.2d 220 (1976). Even where the evidence is received by stipulation, it must be offered in evidence and incorporated in a bill of exceptions. See, *Prokop v. Mlady*, 136 Neb. 644, 287 N.W. 55 (1939); *Caldwell v. Savage*, 157 Neb. 603, 60 N.W.2d 657 (1953); *Higgins v. Postal Life & Casualty Ins. Co.*, 161 Neb. 278, 73 N.W.2d 175 (1955). There is simply no evidence before us to support the action taken by the trial court, nor can we determine what evidence was before the trial court. Did the parties stipulate in open court or merely exchange comments with the trial judge in chambers? This we simply cannot determine.

This is not form over substance. In the case of *Christopherson v. Christopherson*, 177 Neb. 414, 129 N.W.2d 113 (1964), we were confronted with a situa-

tion not dissimilar to the instant case. In *Christopherson* we said at 417, 129 N.W.2d at 115: "We observe that appellee's pleading, considered as a motion to dismiss when addressed solely to a petition, is not a recognized pleading in this jurisdiction. Appellee is attempting to raise mere unverified allegations to the dignity of evidence and by this means to deprive appellant of his day in court. The issue of paternity cannot be injected into this case by a motion to dismiss. Our Code of Civil Procedure covers the proper pleading procedures in this jurisdiction. To avoid unnecessary costs and delays, litigants should confine themselves to those pleadings and procedures approved in this jurisdiction." And recently, in *Nelson v. Sioux City Boat Club, ante* p. 484, 486, 344 N.W.2d 634, 635 (1984), we said: "It is no answer, as a matter of convenience, to say that the case should be disposed of on the merits on this record. Questions as to the burden of proof, or the res judicata effect of a judgment based on a pleading not recognized by this state, should not be determined academically. There are enough uncertainties in the law without expanding them by introducing procedures not contained in our statutes or court rules.

"We are not by this action exalting form over substance, but we are stating that procedural laws as to the conduct of civil litigation must be followed in order to let trial courts and appellate courts maintain some uniformity as to the posture of cases ripe for decision."

In this case we are asked to examine a record containing no evidence offered at trial and to determine that one of the defendants is a qualified health care provider who has elected to come under the Act and that the other three health care providers have elected not to come under the Act. Moreover, we are asked to determine that the deceased was a patient who had not elected to opt out of the Act. And, finally, we are asked to pass upon the constitutional-

ity of a law without any effort to specify how or why the Act is unconstitutional. All of these matters may be true, but courts are not free to speculate on evidence and streamline procedures to the point where no standards exist. Rather, courts must have the evidence properly presented in proper pleadings before the evidence may be considered.

For that reason we believe that the action of the trial court in sustaining the motion to dismiss was in error and must be reversed.

REVERSED AND REMANDED.

BOSLAUGH, J., concurs in the result.