Todd Voyles and Melinda Voyles, minors, by and through Karen Rachau, next friend, appellants, v. DeBrown Leasing, Inc., a corporation, and Paul Johnson, appellees.

383 N.W.2d 36

Filed March 14, 1986.   No. 85-082.

Robert B. Creager of Berry, Anderson, Creager & Wittstruck, for appellants.

William D. Sutter of Barlow, Johnson, DeMars & Flodman, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

This appeal involves consolidated actions for bodily injury as the result of a one-vehicle accident which occurred in Nebraska on July 19, 1980. Two minors injured in the accident filed separate lawsuits, which were consolidated for disposition in the district court for Lancaster County and appeal to this court.

The amended petition of each minor alleged that the minor was a passenger in a vehicle operated by the defendant Paul Johnson. In his answer Johnson denied negligence but alleged that if there were any negligence, such negligence was not gross negligence required for recovery in view of the then existing guest statute of Nebraska, Neb. Rev. Stat. § 39-6,191 (Reissue 1978), which provided:

The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by the driver of such motor vehicle being under the influence of intoxicating liquor or because of the gross negligence of the owner or

operator in the operation of such motor vehicle. For the purpose of this section, the term guest is hereby defined as being a person who accepts a ride in any motor vehicle without giving compensation therefor, but shall not be construed to apply to or include any such passenger in a motor vehicle being demonstrated to such passenger as a prospective purchaser.

By reply each minor alleged that the guest statute was unconstitutional. On April 11, 1984, Johnson filed motions for partial summary judgment, seeking adjudication that each minor was a guest passenger whose claim was governed by the guest statute, § 39-6,191. The district court, on October 2, entered in favor of Johnson a partial summary judgment that each minor "was a guest passenger as a matter of law under the Nebraska Guest Statute" and further provided that each "plaintiff shall have 14 days to amend" the plaintiff's amended petition "in compliance with this Order."

The plaintiffs filed motions for a new trial regarding the partial summary judgment, and those motions were overruled on October 8. Neither plaintiff amended his or her respective amended petition on which the partial summary judgment had been granted. Johnson, on October 23, filed a "Motion to Dismiss" in which he alleged the court's October 2 partial summary judgment and plaintiffs' noncompliance with the order for amendment of their amended petitions, and then prayed for dismissal of each "plaintiff's Amended Petition with prejudice." Nothing further was filed by the parties, and Johnson's motion to dismiss was heard by the court on January 11, 1985. In conjunction with that hearing, the court received evidence which had been previously submitted regarding the partial summary judgment and also received additional evidence offered for the first time on January 11, including the following stipulation of the parties:

1. That a jury trial in this proceeding may be waived and the cause called on for trial to the court.

2. That plaintiff may offer such evidence as was offered by either party in the proceedings on the defendant's motion for partial summary judgment, and any other additional evidence that the plaintiff may have or wishes

the court to consider at the trial in this proceeding.

3. That the defendant acknowledges and agrees that although the trial in the above cause will be limited by the partial summary judgment granted by the trial court, nothing in this stipulation shall be deemed a waiver of the plaintiff's opposition to said motion for partial summary judgment, either at the proceedings before the District Court on the trial of this cause, or in any subsequent appeal to the Supreme Court.

4. That in the event a proceeding before the Nebraska Supreme Court results in a reversal or a remand of the above case for a trial, the parties reserve the right to request and demand a trial by jury unless both of the parties agree to waive jury trial.

After receiving and reviewing the evidence, the court made the following decision:

The Court, having reviewed the entire record, finds and concludes that there is not sufficient evidence in the record to support a finding of gross negligence, and therefore the Court finds generally . . . for the defendants and against the plaintiffs and judgment is therefore entered for the defendants and against the plaintiffs . . . .

Neither of the plaintiffs-appellants filed a written notice with the Clerk of the Supreme Court regarding the constitutional question of the guest statute raised in the trial court. The appellants did not serve on the Attorney General of Nebraska a copy of their brief assigning unconstitutionality of § 39-6,191 (guest statute).

The appellants contend that the district court erred (1) in failing to find that the guest statute, § 39-6,191, is unconstitutional, (2) in finding that the plaintiffs were guest passengers and entering partial summary judgment in favor of Johnson on that question, and (3) in dismissing plaintiffs' actions.

First, concerning the question about the constitutionality of the guest statute, § 39-6,191, we are unable to locate in the record any ruling or decision by the district court on the question whether the guest statute is unconstitutional. Moreover, on account of the appellants' failure to comply with

the rules of this court regarding presentation of a question concerning constitutionality of a statute—written notice of a constitutional question filed with the Clerk of the Supreme Court when the brief of the one contesting constitutionality is filed with the court, and service of the contestant's brief on the Attorney General within the prescribed time—we will not consider a question about constitutionality of the guest statute, § 39-6,191. See Neb. Ct. R. 16A (rev. 1983). See, also, *Zoimen v. Landsman*, 192 Neb. 561, 223 N.W.2d 49 (1974).

Second, concerning the partial summary judgment that the guest statute, § 39-6,191, applies to the claims of the appellants, such partial summary judgment is not a final judgment reviewable by this court. See Neb. Rev. Stat. § 25-1911 (Reissue 1979) (appellate jurisdiction of the Supreme Court of the State of Nebraska).

A final order is statutorily defined:

> An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter.

Neb. Rev. Stat. § 25-1902 (Reissue 1979).

The procedure for a summary judgment is governed by Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 1979). Disposition by partial summary judgment is found in § 25-1333:

> If on motion under sections 25-1330 to 25-1336 judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are

just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

The partial summary judgment entered by the district court in these proceedings was interlocutory, determining only the status of the appellants as guest passengers and, thus, specifying the nature of negligence, namely, gross negligence, which must be proved before the appellants may recover. (There has been no allegation indicating that driving "under the influence of intoxicating liquor" is involved in this case as a cause of the accident.) Pretrial determination of the guest passenger status of the appellants does not defeat their recovery. Pretrial adjudication of the appellants' status in this case is analogous to a pretrial order specifying the issues to be resolved at trial. Cf. *Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986) (effect of pretrial conference, report, and order controlling issues determinable at trial). After entry of the partial summary judgment in this case, the nature of Johnson's negligence, if any, was still a question left for disposition in the trial court. A partial summary judgment that a claimant is a guest passenger within the purview of Nebraska's former guest statute, § 39-6,191, while the issue of the host driver's negligence is unresolved, is not a final judgment or order reviewable by the Supreme Court. Cf. *Hart v. Ronspies*, 181 Neb. 38, 146 N.W.2d 795 (1966) (summary judgment for a plaintiff on the issue of the defendant's negligence, reserving for trial issues of plaintiff's contributory negligence, proximate cause, and damages, is an interlocutory summary adjudication and not appealable as a final judgment). Cf., also, *Grantham v. General Telephone Co.*, 187 Neb. 647, 193 N.W.2d 449 (1972) (summary judgment in favor of defendants on the issue of physical damage in construction of plaintiffs' building, but reserving the issue of lost profits, is not an appealable final order or judgment).

Third, the district court's dismissal of the appellants' actions is incorrect. The motion filed by Johnson sought dismissal of the actions with prejudice because the plaintiffs had not complied with the court's order of October 2, 1984, requiring the plaintiffs to amend their petitions. However, the district

court did not dismiss the actions as a sanction for noncompliance with the court's order. Whether dismissal as a sanction would be appropriate under the circumstances is a question not raised in the present case. Rather, the district court disposed of the case on the basis of evidence presented before trial in conjunction with the pending motion to dismiss and some improvised and arcane procedure suggested by the parties. As far as we can fathom from the record presented, the district court treated the pretrial motion to dismiss as a pseudomotion for summary judgment, proceeded to receive evidence bearing on the issue of Johnson's negligence, determined there was insufficient evidence to establish Johnson's gross negligence necessary for recovery by appellants, and entered judgment in favor of Johnson.

A pretrial motion to dismiss is not permissible as a pretrial pleading but may sometimes be recognized as a demurrer on stipulation of the parties or by rule of court. See *Blitzkie v. State*, 216 Neb. 105, 342 N.W.2d 5 (1983). In *Nelson v. Sioux City Boat Club*, 216 Neb. 484, 344 N.W.2d 634 (1984), we held that an evidentiary hearing on a motion to dismiss did not convert an "irregular pleading," namely, a pretrial motion to dismiss, into any form of pleading allowable under our present law governing civil procedure. See, also, *Smick v. Langvardt*, 216 Neb. 778, 345 N.W.2d 830 (1984).

Johnson's motion to dismiss and evidence accompanying such motion were designed to produce a pretrial disposition on the merits, although the parties envisioned an appeal to this court for review of a disposition adverse to the appellants pursuant to such motion and contemplated a potential "remand [of appellants' cases] for a trial . . . by jury," if demanded by either party. We are compelled to conclude that the disposition made by the trial court was pursuant to a peculiar pleading, procedure, and practice, none of which is authorized by present Nebraska law. Therefore, we reverse the judgment of the district court which dismissed the appellants' actions and remand those actions to the district court for further proceedings provided by and in conformity with law.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

BOSLAUGH, J., concurs in the result.