L.J. VONTZ CONSTRUCTION CO., INC., APPELLANT, V. DEPARTMENT OF ROADS, STATE OF NEBRASKA, APPELLEE.

440 N.W.2d 664

Filed May 19, 1989.   No. 88-925.

Jeff C. Miller, of Young & White, for appellant.

Robert M. Spire, Attorney General, and John E. Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

L.J. Vontz Construction Co., Inc. (Vontz), appeals from the judgment of the district court for Lancaster County, which affirmed the order of the Department of Administrative Services (DAS), dismissing Vontz' contract claim barred by the statute of limitations.

## FACTS

On September 27, 1983, Vontz and the Department of Roads (DOR) of the State of Nebraska entered a written contract whereby Vontz was the contractor on construction Project No. OM-AD-36(9) Div. II in Cheyenne County, Nebraska. Vontz commenced work on the project on May 9, 1984. In a letter dated July 23, 1984, DOR declared Vontz in default under the contract and ordered Vontz to remove its personnel and equipment from the project sites. In April of 1985, DOR made its last payment to Vontz for its work done before ouster of Vontz from the construction sites.

On February 3, 1987, Vontz filed its claim with DAS and alleged that DOR had breached the construction contract with Vontz. See Neb. Rev. Stat. § 77-2406 (Reissue 1986) (DAS examination of contract claims against the state). All the conduct of DOR alleged as a basis for the Vontz claim occurred on or before July 23, 1984. DOR filed a motion to dismiss Vontz' claim, asserting that the claim was barred by the statute of limitations contained in Neb. Rev. Stat. § 25-218 (Reissue 1985), which in pertinent part provides: "Every claim and demand against the state shall be forever barred, unless the action be brought thereon within two years after the claim arose." In response to the DOR motion, Vontz contended that its contract claim or cause of action did not accrue until DOR

made its final payment in April 1985.

DAS found that Vontz' right to claim a breach of the construction contract accrued on July 23, 1984, when DOR declared Vontz in default and prevented further performance of the contract. Because Vontz did not file its claim with DAS until February 3, 1987, DAS found the claim was barred by § 25-218 and, pursuant to DOR's motion, denied Vontz' claim.

Vontz appealed to the district court. See Neb. Rev. Stat. § 77-2407 (Reissue 1986) (appeal to the district court in the manner provided by Neb. Rev. Stat. §§ 84-917 to 84-919 (Reissue 1987) of the Administrative Procedure Act). The district court affirmed DAS' denial of the Vontz claim.

The issue, one of first impression before this court, is whether an administrative agency, charged with examining and approving contract claims for payment by the state, is empowered to dismiss a claim which is barred by the statute of limitations.

We realize that, during the pendency of Vontz' appeal, the Legislature repealed § 77-2407 and enacted the State Miscellaneous Claims Act, Neb. Rev. Stat. §§ 81-8,294 to 81-8,301 (Cum. Supp. 1988), and the State Contract Claims Act, Neb. Rev. Stat. §§ 81-8,302 to 81-8,306 (Cum. Supp. 1988). The State Miscellaneous Claims Act and the State Contract Claims Act altered the procedure for payment of a claim against the state which existed when Vontz filed its claim, and now provide for possible original judicial determination of contract claims against the state. However, the procedures under the claims acts, enacted after the disposition of Vontz' claim, are irrelevant to Vontz' appeal.

## LIMITATION OF ACTIONS

"Statutes of limitations have an important role in disposition of claims between individuals, because such statutes promote and produce finality and thereby stability in human affairs. In this manner statutes of limitations stimulate activity and punish unreasonable delay in prosecuting claims." *Rosnick v. Marks*, 218 Neb. 499, 501, 357 N.W.2d 186, 188 (1984).

Our law is clear regarding the operation of a statute of limitations in a civil action. "If a petition alleges a cause of action ostensively barred by the statute of limitations, such

petition, in order to state a cause of action, must show some excuse tolling the operation and bar of the statute." *Rosnick, supra* at 501-02, 357 N.W.2d at 188; *S.I.D. No. 145 v. Nye,* 216 Neb. 354, 343 N.W.2d 753 (1984). When it is apparent from the face of the petition that the action is barred by a statute of limitations, the petition fails to state a cause of action and is subject to a general demurrer. *Vielehr v. Malone,* 158 Neb. 436, 63 N.W.2d 497 (1954). See Neb. Rev. Stat. §§ 25-806 and 25-807 (Reissue 1985). When it is not apparent from the face of the petition that the action is barred by the statute of limitations, the affirmative defense of the statute of limitations must be raised in the answer. *Vielehr, supra.* Since a defendant cannot raise the statute of limitations for the first time on appeal, a defendant waives the statute of limitations by failure to raise the issue in a demurrer or the defendant's answer. *Vielehr, supra.*

The foregoing observations concerning a petition in a civil action are analogously applicable to a contract claim against the state, that is, a claimant's contract demand for money from the state.

We also recognize that Nebraska civil procedure does not authorize a pretrial motion to dismiss, or, as expressed in *Voyles v. DeBrown Leasing, Inc.,* 222 Neb. 250, 256, 383 N.W.2d 36, 40 (1986): "A pretrial motion to dismiss is not permissible as a pretrial pleading but may sometimes be recognized as a demurrer on stipulation of the parties or by rule of court."

Although we have noted general rules of procedure pertaining to the statute of limitations in pleadings applicable to civil actions, we realize that the rules which we have mentioned are part of a procedure which is inapplicable to actions before an administrative agency. Thus, we are confronted by the contract claims act under which Vontz filed its claim, a legislative provision which contains no procedural mechanism for raising the statute of limitations as an issue concerning a contract claim against the state. Without a means to raise the statute of limitations at the level of the administrative hearing before DAS, the State (DOR) could not raise the statute of limitations for the first time on appeal to the district court. See *Vielehr v. Malone, supra.* In such a peculiar situation, the State

is without a means to raise the statute of limitations at an administrative hearing, whereas, were the claim initially prosecuted in a civil action, the State could raise the statute of limitations through a demurrer or in its answer. *Vielehr v. Malone, supra.* Consequently, DOR finds itself in a procedural predicament, unable to raise the statute of limitations concerning a claim barred by the statute. To require a hearing at the administrative level, perhaps involving tons of testimony and seemingly endless exhibits regarding a contract claim, when a claim on its face demonstrates that the statute of limitations bars recovery, is an exercise imbued with immense impracticability and inevitability of an impossible recovery as the result of the statute of limitations. Thus, we hold that the State may raise the bar of the statute of limitations by a motion to dismiss filed with the administrative agency charged with determining the State's liability for payment on the contract claim.

Our holding regarding the availability of a motion to dismiss, filed with an administrative agency and based on the statute of limitations, does not affect the procedural rule expressed in *Voyles v. DeBrown Leasing, Inc., supra*, and similar cases, such as *Blitzkie v. State*, 216 Neb. 105, 342 N.W.2d 5 (1983), and *Nelson v. Sioux City Boat Club*, 216 Neb. 484, 344 N.W.2d 634 (1984), namely, a motion to dismiss is not a permissible pleading under the statutes prescribing the procedure applicable to civil actions in Nebraska. As we have previously mentioned in this opinion, proceedings before an administrative agency, such as DAS, are not governed by Nebraska statutes otherwise controlling procedure in civil actions.

Vontz' claim arose out of DOR's actions before July 23, 1984, conduct which culminated in DOR's ouster of Vontz from the construction project on July 23. Vontz does not allege any occurrence or circumstance which would toll the statute of limitations, and never requested amendment of its claim. Because Vontz' claim is facially barred by the statute of limitations, and because Vontz has not included allegations which would toll the statute of limitations, Vontz' claim was subject to DOR's motion to dismiss based on the statute of limitations.

Notwithstanding Vontz' contention that DOR issued a final payment in April 1985 concerning the construction work pursuant to the contract, the breach, if any, occurred when Vontz was ousted from the project sites. The final payment alleged by Vontz merely affected the amount of Vontz' damages. However, as we stated in *Rosnick v. Marks*, 218 Neb. 499, 503, 357 N.W.2d 186, 189 (1984), "A cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain suit, although the nature and extent of damages may not be known." Consequently, the date on which the final payment was made is relevant only to the amount of damages sustained and is irrelevant to application of the statute of limitations as a bar to Vontz' claim. The cause of action for a breach of contract accrues, and the statute of limitations begins to run, when the breach occurs. See *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979) (a party to a contract has the right to institute a breach of contract action when a breach of the contract occurs). See, also, *State v. Holland Plastics Co.*, 111 Wis. 2d 497, 331 N.W.2d 320 (1983). Thus, Vontz' contract claim or cause of action accrued when the alleged breach occurred on July 23, 1984, namely, DOR's ouster of Vontz from the construction project.

## CONCLUSION

Vontz' claim unequivocally demonstrated that the statute of limitations barred any recovery from the State of Nebraska; hence, DOR's motion to dismiss was properly sustained by DAS. Since Vontz has failed to timely file a claim, we need not consider Vontz' assignments of error directed to the scope of a district court's review in an appeal from DAS.

The judgment of the district court, affirming DAS' dismissal of Vontz' claim, is affirmed.

AFFIRMED.