NORRIS C. COOL, APPELLANT, V. SAHLING TRUCKS, INC.,
APPELLEE.

466 N.W.2d 71

Filed March 1, 1991.   No. 88-602.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Steven R. Voigt, of Butler, Voigt & Brewster, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Plaintiff-appellant, Norris C. Cool, filed a replevin action against defendant-appellee, Sahling Trucks, Inc., seeking the return of a certain Kenworth truck tractor with a vehicle identification number (VIN) 176891S. Plaintiff appeals from the dismissal of his petition by the district court and from the judgment entered on defendant's cross-petition seeking

payment of costs and attorney fees on the ground that plaintiff's action was frivolous. The district court entered judgment on the cross-petition in favor of defendant and ordered plaintiff to pay costs and $1,200 in attorney fees.

At the center of this dispute is a 1980 Kenworth truck tractor. This vehicle was also the subject of our decision in *Nelson v. Cool*, 230 Neb. 859, 434 N.W.2d 32 (1989). In that case, the plaintiff, Don Nelson, brought two replevin actions in the Hall County District Court, seeking possession of a Kenworth truck tractor with a VIN 176891F from Neil Cool and Norris Cool. The actual VIN of the vehicle in dispute was 176891S. Nelson had brought the vehicle to Neil Cool for repairs. In order to secure financing for additional repairs, Nelson transferred his open title to the vehicle to Neil Cool. Neil Cool then secured a bank loan and used the funds to repair the truck tractor. Neil Cool's father, Norris Cool, loaned Neil money to pay off the bank loan. The bank released its lien on the title, and Neil Cool then transferred title to Norris Cool in satisfaction of the personal loan.

Nelson then filed his replevin actions against both Cools, and in a journal entry dated January 5, 1987, the district court ruled in Nelson's favor. The court found that "Plaintiff, Don Nelson, is the absolute owner of and entitled to, the immediate return and possession of the personal property described in the Petition, which property is described as follows: A 1980 Kenworth Tractor, ID# 176891F." This court reversed, however, and found in favor of the Cools. *Nelson v. Cool, supra.*

Between the district court's journal entry of January 5, 1987, and this court's opinion in *Nelson* reversing that order, a number of events occurred. On January 7, 1987, Nelson got a delivery order from the Hall County District Court and delivered the order to the Custer County sheriff. On January 9, 1987, the Cools moved for a new trial. On March 27, 1987, the district court denied the motion for new trial. On April 23, 1987, the Cools appealed to this court. They could have filed a supersedeas bond to preserve possession during the pendency of *Nelson v. Cool*, but they did not file a supersedeas bond.

On May 1, 1987, Nelson filed a motion for order to show cause as to why the Cools should not be held in contempt for

failure to deliver the vehicle. In an affidavit filed with the motion, a sergeant from the Custer County sheriff's office stated that he had "spoken with each of the Defendants, namely Neil Cool and Norris Cool, in an attempt to take the 1980 Kenworth tractor and deliver it to the Plaintiff, and that both Defendants have denied any knowledge of the 1980 Kenworth tractor to Affiant." On June 5, 1987, the court denied the motion, "for reason that the Court does not have jurisdiction of these consolidated cases pending their appeal to the Nebraska Supreme Court."

On August 11, 1987, Nelson obtained a new order from the Hall County District Court for delivery of a truck tractor, VIN 176891S. The previous delivery order and all other references up to that time had shown the suffix to the VIN to have been "F." That same day, the new order was delivered to the Thayer County sheriff. The Thayer County sheriff was able to find the vehicle, and that day delivered to Nelson the truck tractor with VIN 176891S. On August 12, 1987, Nelson obtained a new title to the vehicle from the Hall County clerk. On August 14, 1987, Nelson sold the vehicle to Sahling Trucks, Inc., appellee in the case at bar.

On that same day, August 14, 1987, Nelson filed an "Application for Order Nunc Pro Tunc." This application sought the correction of the Hall County District Court journal entry of January 5, 1987, as corrected by a January 7, 1987, order nunc pro tunc, to reflect that the proper VIN of the Kenworth truck tractor in question in *Nelson v. Cool, supra*, was 176891S rather than 176891F.

On August 17, 1987, Neil Cool filed a "Motion to Quash Order for Delivery." This motion was filed by the same attorney representing Norris Cool in the case at bar. The motion stated in part:

> 1. That on or about August 11, 1987, the Plaintiff herein [Nelson] obtained an order for delivery of a 1980 Kenworth VIN 176891S.
>
> 2. That the judgment entered by the Court herein in January of 1987, ordered that the Plaintiff was entitled to possession of a 1980 Kenworth tractor VIN 176891*F*.

(Emphasis supplied.)

On August 25, 1987, Nelson's nunc pro tunc application was denied, and the August 11, 1987, delivery order was quashed. Both orders were made with the stated reason that *Nelson v. Cool*, 230 Neb. 859, 434 N.W.2d 32 (1989), was pending before the Nebraska Supreme Court. By then the vehicle had already been delivered to Nelson and sold to Sahling Trucks.

On September 15, 1987, while the first action, *Nelson v. Cool, supra*, was still pending on appeal, Norris Cool filed his own replevin action against Sahling Trucks in Buffalo County District Court. That action is the subject of this appeal. Cool's theory in the district court was that he still had good title to the vehicle bearing VIN 176891S. In his brief submitted for this appeal, he also claims that Nelson's new title was void because it was not issued in the proper county pursuant to Neb. Rev. Stat. § 60-111 (Reissue 1984).

Sahling Trucks answered in the district court and filed a cross-petition for attorney fees and costs on the theory that Cool's suit was frivolous. Sahling Trucks then filed a "Motion to Dismiss." On May 9, 1988, a hearing was held and evidence was adduced by both parties. On May 10, the "Motion to Dismiss" was granted by the district court. At a later, separate hearing, Cool was assessed costs and $1,200 in attorney fees for a frivolous lawsuit. He then filed this appeal.

It was after the Buffalo County District Court's decision in this case that the *Nelson* case was argued before this court. Apparently, this court was not made aware, when *Nelson* was argued, of the district court's order in the present case.

Cool's main argument on this appeal is that the district court erroneously dismissed this case, without trial, pursuant to a "Motion to Dismiss." Cool argues that no such motion is recognized in our law. Because it is long settled that Nebraska does not recognize such a pleading as a "Motion to Dismiss" before trial, this case is reversed and the cause remanded to the district court.

In *United States Fire Ins. Co. v. Affiliated FM Ins. Co.*, 225 Neb. 218, 220-21, 403 N.W.2d 383, 385 (1987), we said:

> The difficulty is that the case was resolved through a procedure not recognized in our law. The district court undertook to dispose of the actions on the basis of

evidence presented in conjunction with pretrial motions to dismiss. In rejecting that procedure in *Voyles v. DeBrown Leasing, Inc.*, 222 Neb. 250, 383 N.W.2d 36 (1986), we again observed that a pretrial motion to dismiss another's action is not a permissible pleading. Accord, *Smick v. Langvardt*, 216 Neb. 778, 345 N.W.2d 830 (1984); *Nelson v. Sioux City Boat Club*, 216 Neb. 484, 344 N.W.2d 634 (1984); *Blitzkie v. State*, 216 Neb. 105, 342 N.W.2d 5 (1983).

Appellee argues that this defect could be cured by treating the motion as a motion for summary judgment. However, the appellee has not met the statutory requirements for bringing a summary judgment motion under Neb. Rev. Stat. § 25-1332 (Reissue 1989). Certain evidence presented at the hearing was referred to in the motion, but other evidence was not presented until the hearing. This evidence was not on file with the motion, and appellant could not have been expected to have notice of it. Cool specifically objected to the "Motion To Dismiss" procedure.

The effectiveness of summary judgment based on appellee's substantive claim of res judicata presents another question. Appellee asserts that the district court's decision in *Nelson v. Cool, supra*, served to bar appellant's claims under the principle of res judicata. The district court's decision in *Nelson*, however, was reversed by this court. Other courts have held that a prior judgment cannot have res judicata effect where it was reversed on appeal. E.g., *Rosebud Sioux Tribe v. Strain*, 432 N.W.2d 259 (S.D. 1988).

It may well be that after a trial or after some other recognized means of resolving this case, the court may find in favor of the appellee and deem that the assessment of costs and attorney fees against the appellant is appropriate. However, the posture of this case at the present time does not allow us to review the order of dismissal. The order in this case was not premised on a demurrer, a summary judgment motion, or a judgment of dismissal at the conclusion of a trial. The scope of review of those orders is established. The procedures for review of an order of dismissal based upon the granting of a pretrial "Motion to Dismiss" are not known to this court. Accordingly,

the decision of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.