NEIL C. COOL, APPELLANT, V. SAHLING TRUCKS, INC., APPELLEE.
466 N.W.2d 796

Filed March 15, 1991.    No. 88-1008.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Steven R. Voigt, of Butler, Voigt & Brewster, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

In this third chapter of the Cool-Nelson-Sahling Trucks, Inc., saga, we are called on to interpret the automobile charging lien statute, Neb. Rev. Stat. § 52-202 (Reissue 1984).

A brief history of this misbegotten vehicle and its journey through the courts of the state is set forth in *Nelson v. Cool*, 230 Neb. 859, 434 N.W.2d 32 (1989), and a later recitation in *Cool v. Sahling Trucks, Inc.*, ante p. 312, 466 N.W.2d 71 (1991), in which we sent back for trial the issue of ownership of the vehicle.

Interestingly enough, Norris Cool is in the position of asserting in the courts of this state absolute ownership of the 1980 Kenworth tractor, vehicle identification number (VIN) 176891S (see *Cool v. Sahling Trucks, Inc., supra*), and at the same time, Neil Cool asserts an equitable lien interest in the same vehicle, title presumably in another (this appeal). However, this apparent inconsistency is not called to our attention by appellee, nor do the parties suggest how the misdescription (F for S) in the VIN at various stages of the previous litigation is to be resolved. Since we are not asked to untie the Gordian knot, we refrain from volunteering.

For the purposes of this opinion, the following facts are relevant: Just prior to the filing of the appeal in *Nelson v. Cool,*

*supra*, appellant Cool, on April 8, 1987, filed an artisan's lien in the office of the county clerk of Custer County, Nebraska, alleging that parts and labor to the value of $22,065.34 were furnished for the Kenworth tractor for the period beginning August 23, 1985, and ending when the last item was furnished, February 17, 1987, less than 60 days from the filing.

The appellee acquired title to the tractor from Don Nelson, who was somehow able to obtain an order for delivery from the district court for Hall County. Possession passed to Nelson and title was transferred to Sahling in 1987 after the filing of the lien.

The trial court found that the appellant was entitled to a lien for only the value of materials and parts furnished in the immediate past 60 days prior to the filing in the amount of $64.53, for which sum and costs appellant was awarded judgment.

It is obvious that the major repairs necessitated by the accident mentioned in *Nelson v. Cool, supra*, had been completed a considerable time before the 60-day period prior to the filing of the lien. The truck was returned for service, and from time to time thereafter, materials and labor were furnished. We note, for example, the entry of November 1, 1986, "2 front tires 400.00"; the next entry, of January 13, 1987, "repaint hood 60.00"; and three entries of February 17, 1987, totaling the amount of the court's award. There was no evidence that the services were performed as part of one continuous contract, but, rather, they appear to have been a periodic as-needed series of repair orders, unconnected one to the other.

Section 52-202 provided:

> Any person who makes, alters, repairs or in any way enhances the value of any vehicle, automobile, machinery, farm implement or tool, or shoes a horse or horses, or mule or mules at the request of or with the consent of the owner or owners thereof shall have a lien upon such vehicle, automobile, machinery, farm implement or tool, horse or horses, mule or mules, in cases where he has parted with the possession thereof, for his reasonable or agreed charges, for work done or material furnished;

*Provided*, the person making such repairs or furnishing such material or performing such work shall file in the office of the clerk of the county in which such work was done, or material furnished, or in which such property is kept, within sixty days after performing such work or furnishing such material, a verified statement . . . .

We affirm, though we reject the trial court's narrow construction of § 52-202. It seems to us that by analogy the construction placed on our previous mechanic's lien statutes, Neb. Rev. Stat. §§ 52-101 et seq. (Reissue 1978) (repealed in part, 1981 Neb. Laws, L.B. 512), is a more reasonable interpretation, and thus, the artisan's lien attaches if the necessary documents are filed within 60 days of the furnishing of an item of labor or material which is part of a single contract or undertaking. This is the construction our court has uniformly placed on materialmen's and laborers' contracts pursuant to §§ 52-101 et seq. See, *Chicago Lumber Co. v. Horner*, 210 Neb. 833, 317 N.W.2d 87 (1982); *LaPuzza v. Prom Town House Motor Inn, Inc.*, 191 Neb. 687, 217 N.W.2d 472 (1974); *Occidental S. & L. Assn. v. Cannon*, 184 Neb. 659, 171 N.W.2d 166 (1969). In this case it is clear that the labor and/or materials furnished by Cool were not part of a single contract, but were furnished separately as the vehicle needed servicing.

The judgment is affirmed.

AFFIRMED.