VIRGIL D. ANDERSON AND ROSE M. ANDERSON, APPELLANTS, V.
ELAINE J. MATTHIS, APPELLEE.

518 N.W.2d 94

Filed June 24, 1994.   No. S-92-1024.

James D. Sherrets and Mark L. LaFontaine, of Sherrets Smith & Gardner, P.C., for appellants.

Wesley E. Hauptman for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

FAHRNBRUCH, J.

By petition, Virgil D. Anderson and Rose M. Anderson asked a district court to declare that Elaine J. Matthis, as an owner and user of an easement on the Andersons' property, and Matthis' successors are responsible for half the cost of maintaining and improving the real estate on which the easement is located.

Matthis filed a "pretrial motion to dismiss" in which she claims that res judicata bars the Andersons' lawsuit. The district court for Douglas County sustained Matthis' motion to dismiss. The Andersons appealed.

Because Nebraska does not recognize a pretrial motion to dismiss as a permissible pleading, we reverse the district court's ruling and remand the cause to that court for further proceedings.

## FACTS

In their petition, the Andersons allege the following facts: In January 1981, Matthis acquired a parcel of real property in

Douglas County. As part of the conveyance, she also acquired, for ingress and egress to her property, a temporary easement over certain property adjoining hers. The conveyance setting forth the easement was filed of record in the register of deeds' office for Douglas County on March 5. The Andersons are owners of the property on which the easement is located. The property was deeded to the Andersons on June 26, and they received it subject to easements of record.

In December 1991, Matthis filed suit in the district court for Douglas County to enjoin the Andersons from disturbing Matthis' use of the temporary easement (Anderson I). The district court granted Matthis continuous use of the easement.

The Andersons appealed the Anderson I ruling to the Nebraska Court of Appeals. While that appeal was pending, the Andersons filed this action (Anderson II). The Andersons' petition requests a declaration that, in the event the Nebraska Court of Appeals affirmed Anderson I, Matthis and her successors in interest will be responsible for reimbursing the Andersons for half the past costs of maintaining and improving the easement since Matthis became owner of the adjacent property. In addition, the Andersons requested a declaration that Matthis and her successors in interest will be responsible for half the future costs of maintaining the easement.

Rather than filing an answer or a demurrer to the Andersons' petition, Matthis filed a motion to dismiss the Andersons' petition on the grounds that the issues raised were res judicata and that an action involving the same issues was pending at that time before the Court of Appeals. After a hearing on that motion, the district court found that the Andersons could have raised the issue of maintenance and improvement costs in Anderson I, but failed to do so. The court further found that under the doctrine of res judicata, the Andersons could not raise the issues in a separate lawsuit. Whereupon, the district court sustained Matthis' motion to dismiss the Andersons' petition.

The Andersons filed a motion for reconsideration of the order dismissing their petition, which the district court overruled. The Andersons timely appealed.

Subsequent to the district court's dismissal of Anderson II and the Andersons' appeal to this court, the Court of Appeals

found that the appeal of Anderson I was not timely filed and dismissed it for lack of jurisdiction. *Matthis v. Anderson*, 94 NCA No. 12, case No. A-92-692 (not designated for permanent publication).

## ASSIGNMENTS OF ERROR

Summarized and restated, the Andersons claim that the district court erred in (1) disposing of their action on a "pretrial motion to dismiss" and (2) finding that the doctrine of res judicata bars them from litigating the issue of whether Matthis should be required to pay half the costs of maintaining and improving the easement.

## ANALYSIS

A motion to dismiss another's action prior to trial is not a permissible pleading in Nebraska. Neb. Rev. Stat. § 25-803 (Reissue 1989); *In re Application of City of Lincoln*, 243 Neb. 458, 500 N.W.2d 183 (1993); *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992); *Cool v. Sahling Trucks, Inc.*, 237 Neb. 312, 466 N.W.2d 71 (1991); *United States Fire Ins. Co. v. Affiliated FM Ins. Co.*, 225 Neb. 218, 403 N.W.2d 383 (1987); *Voyles v. DeBrown Leasing, Inc.*, 222 Neb. 250, 383 N.W.2d 36 (1986).

Under certain circumstances, and where, by stipulation of the parties or court rule, it is allowed, such an irregular motion may be treated as a demurrer. *United States Fire Ins. Co., supra*; *Voyles, supra*; *Nelson v. Sioux City Boat Club*, 216 Neb. 484, 344 N.W.2d 634 (1984); *Blitzkie v. State*, 216 Neb. 105, 342 N.W.2d 5 (1983). Cf. *First Nat. Bank v. Schroeder*, 218 Neb. 397, 355 N.W.2d 780 (1984) (treating a pretrial motion to dismiss as a demurrer where the district court had sustained the motion to dismiss *but allowing the party to amend the pleading as if it were a demurrer*). Such circumstances do not exist in this case.

We cannot, as a matter of convenience, treat Matthis' pretrial motion to dismiss as a demurrer. The two procedures of demurrer and dismissal are distinct. See *State, ex rel. Johnson, v. Consumers Public Power District*, 142 Neb. 114, 5 N.W.2d 202 (1942). If a demurrer is sustained, the case still pends. *Cagle, Inc. v. Sammons*, 198 Neb. 595, 254 N.W.2d 398 (1977). Following the sustaining of a demurrer, the losing party is

entitled to amend the pleadings unless there exists no reasonable possibility that amendment will remedy the deficiency. *De Vaux v. De Vaux*, 245 Neb. 611, 514 N.W.2d 640 (1994). If a motion to dismiss is sustained, the case ends. *State, ex rel. Johnson, supra*.

Furthermore, we have no procedure or method of review for allowing cases to proceed upon an impermissible pleading, such as a pretrial motion to dismiss. As this court stated in *Nelson*, 216 Neb. at 486, 344 N.W.2d at 635-36:

Questions as to the burden of proof, or the res judicata effect of a judgment based on a pleading not recognized by this state, should not be determined academically. There are enough uncertainties in the law without expanding them by introducing procedures not contained in our statutes or court rules.

We are not by this action exalting form over substance, but we are stating that procedural laws as to the conduct of civil litigation must be followed in order to let trial courts and appellate courts maintain some uniformity as to the posture of cases ripe for decision.

Matthis' motion claims that the Andersons' petition is barred by res judicata and because an appeal in Anderson I was pending at that time. Res judicata may be raised in a demurrer when the pleading challenged by the demurrer sets forth the facts to which the rule of res judicata applies. *De Vaux, supra*; *Card v. Card*, 174 Neb. 124, 116 N.W.2d 21 (1962). In addition, Neb. Rev. Stat. § 25-806(3) (Reissue 1989) allows a defendant to demur to a petition when it appears on its face that "there is another action pending between the same parties for the same cause." Therefore, if the Andersons' petition sets forth facts to establish res judicata or to show that the action pending in the Court of Appeals was for the same cause, the proper method for raising Matthis' arguments would have been by demurrer.

Because the posture of this case at the present time does not allow us to review the district court's order of dismissal, we reverse the judgment of the district court and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.